EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FRANCISCO OTERO SOTO, acusado y apelante.

Núm. 9468.—*Sometido:* Noviembre 3, 1942.  *Resuelto:* Noviembre 9, 1942.

*Víctor Rivera Colón,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado de infracción al artículo 7 de la Ley Núm. 14 de 8 de julio de 1936 ((2) pág. 129), según fué enmendada por la Núm. 95 de 1937 (Leyes de 1936–37, pág. 240), consistente en que "ilegal, voluntaria, maliciosa y criminalmente poseía y transportaba sobre su persona un arma de fuego sin haber declarado la misma por escrito al Jefe de la Policía Insular de Morovis, que es el distrito en que reside el acusado."

El único error que se imputa a la corte sentenciadora es el de no haber sostenido que la denuncia es insuficiente, porque en ella no se alega expresamente "la residencia del acusado en el preciso momento en que se supone cometido el

delito." Esta misma cuestión fué levantada y resuelta en contra de los apelantes en *Pueblo* v. *Olmo,* 56 D.P.R. 405 y en *Pueblo* v. *Pérez Peña,* 59 D.P.R. 449 y 59 D.P.R. 562. Por las mismas razones que en dichos casos expusimos, debemos desestimarla en el presente caso.

■ La Ley Núm. 14 de 1936, en su artículo 10, proveía que las infracciones a sus disposiciones serían castigadas con cárcel por un término no menor de seis meses ni mayor de dos años. El acusado en el presente caso fué condenado a sufrir la pena de seis meses de cárcel, que era el mínimo que podía imponerle el juez sentenciador de acuerdo con la ley vigente en la fecha de la sentencia, o sea en marzo 13, 1941.

Con posterioridad a la fecha de la sentencia recurrida, el artículo 10 de la Ley Núm. 14 de 1936 fué enmendado por la Ley Núm. 78 de 5 de mayo de 1942 (pág. 615), en el sentido de disponer como dispone que la primera infracción será castigada con multa no menor de cincuenta dólares o cárcel por un término no menor de un mes ni mayor de seis meses, o con ambas penas a discreción del tribunal. La pena mínima bajo la ley de 1936 se ha convertido en la máxima bajo la ley enmendatoria de 1942.

Se nos pide que en el ejercicio de nuestra discreción modifiquemos la sentencia recurrida en el sentido de dar al apelante el beneficio de la enmienda, y que le impongamos la pena mínima que autoriza la ley ahora en vigor. No se opone a ello el fiscal.

Es indudable que la pena de seis meses de cárcel por la infracción que se imputa al acusado está autorizada por el estatuto original y por la enmienda de 1942. Sin embargo, considerando que el juez sentenciador pudo haber condenado al acusado a dos años de cárcel y se limitió a imponerle la pena mínima autorizada por el estatuto entonces vigente; y considerando, además, que el legislador, creyendo sin duda alguna que la pena mínima de seis meses de cárcel fijada

por la ley de 1936 era excesiva, la redujo a un mes, opinamos que dentro de las circunstancias del caso está justificado que demos al acusado el beneficio del estatuto enmendatorio.

*Por las razones expuestas, se modifica la sentencia recurrida en el sentido de reducir a un mes el término de prisión que deberá cumplir el acusado apelante; y así modificada se confirma.*