EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO MALAVÉ CRESPO, acusado y apelante.

Núm. 9789.—*Sometido:* Febrero 3, 1943. *Resuelto:* Febrero 12, 1943.

*Francisco González Fagundo,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Pedro Malavé Crespo fué acusado por el fiscal del distrito de Humacao de tener un revólver en su posesión y dominio allá por el once de diciembre de 1939 y en la municipalidad de San Lorenzo, sin declararlo por escrito al jefe de la policía del dicho municipio que es el de su residencia, hecho contrario a la Ley núm. 14 de 1936 ((2) pág. 129), artículo 7.

Contestó que era inocente y llamado su caso para juicio en febrero dos, 1940, tras la prueba del fiscal aportó la suya, siendo finalmente declarado culpable por la corte de distrito y condenado a seis meses de cárcel.

No conforme, apeló. Imputa a la corte sentenciadora error en la apreciación de la prueba.

Sólo cuatro personas testificaron, dos por El Pueblo y dos por la defensa. Los testigos de El Pueblo declararon de modo terminante que el acusado portaba un revólver con el cual hizo tres disparos contra uno de ellos. Por estipulación se admitió que el jefe de la policía de San Lorenzo declararía que el acusado no tenía arma de fuego alguna registrada en dicho pueblo.

Los testigos de la defensa fueron el propio acusado y Doroteo González. El acusado admitió que tuvo en sus manos un revólver que quitó de las de un hijo suyo que regresó a su casa herido, en momentos en que iban a ser atacados por varias personas que se acercaban, perteneciendo dicho revólver a Doroteo González que lo había dejado en su tienda para que se lo guardara mientras iba al pueblo. González confirmó lo dicho por el acusado en cuanto a haber dejado su revólver en la tienda del acusado y agregó que dicho revólver estaba registrado.

Sostiene el apelante que habiéndose demostrado solamente una portación accidental de un revólver registrado, la corte debió absolverlo.

No estamos conformes. La corte no estaba obligada a creer y no creyó que el revólver de González fuera el mismo que usó el acusado para realizar la agresión, y su conclusión nos parece acertada tras un estudio de los testimonios.

■ Resta sólo considerar si al confirmar la sentencia debemos reducir o no la pena. El caso es igual al del *Pueblo* v. *Otero,* resuelto en noviembre último en el que la corte, hablando por su Juez Asociado Sr. Travieso, dijo y resolvió lo que sigue:

"La Ley Núm. 14 de 1936, en su artículo 10, proveía que las infracciones a sus disposiciones serían castigadas con cárcel por un término no menor de seis meses ni mayor de dos años. El acusado en el presente caso fué condenado a sufrir la pena de seis meses de cárcel, que era el mínimo que podía imponerle el juez sentenciador de acuerdo con la ley vigente en la fecha de la sentencia, o sea en marzo 13, 1941.

"Con posterioridad a la fecha de la sentencia recurrida, el artículo 10 de la Ley Núm. 14 de 1936 fué enmendado por la Ley Núm. 78 de 5 de mayo de 1942 (pág. 615), en el sentido de disponer como dispone que la primera infracción será castigada con multa no menor de cincuenta dólares o cárcel por un término no menor de un mes ni mayor de seis meses, o con ambas penas a discreción del tribunal. La pena mínima bajo la ley de 1936 se ha convertido en la máxima bajo la ley enmendatoria de 1942.

"Se nos pide que en el ejercicio de nuestra discreción modifiquemos la sentencia recurrida en el sentido de dar al apelante el beneficio de la enmienda, y que le impongamos la pena mínima que autoriza la ley ahora en vigor. No se opone a ello el fiscal.

"Es indudable que la pena de seis meses de cárcel por la infracción que se imputa al acusado está autorizada por el estatuto original y por la enmienda de 1942. Sin embargo, considerando que el juez sentenciador pudo haber condenado al acusado a dos años de cárcel y se limitó a imponerle la pena mínima autorizada por el estatuto entonces vigente; y considerando, además, que el legislador, creyendo sin duda alguna que la pena mínima de seis meses de cárcel fijada por la ley de 1936 era excesiva, la redujo a un mes, opinamos que

dentro de las circunstancias del caso está justificado que demos al acusado el beneficio del estatuto enmendatorio.

"Por las razones expuestas, se modifica la sentencia recurrida en el sentido de reducir a un mes el término de prisión que deberá cumplir el acusado apelante; y así modificada se confirma." *Pueblo v. Otero*, 61 D.P.R. 36, 37.

A igual conclusión atendidas todas las circunstancias concurrentes debemos llegar en este caso.