516

El Pueblo de Puerto Rico, demandante y apelado, *v.* Florentino Soto Pérez, acusado y apelante.

Núm. 9773.—*Sometido:* Febrero 2, 1943. *Resuelto:* Marzo 9, 1943.

*Adolfo García Veve,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Se imputa al acusado la posesión de un revólver sin declararlo por escrito al Jefe de la Policía del Distrito, en violación del artículo 7 de la Ley núm. 14, Leyes de Puerto Rico, 1936 (pág. 129), según fué enmendada por la Ley núm. 95, Leyes de Puerto Rico, (Leyes de 1936–37, pág. 240). Fué declarado culpable por la corte de distrito y sentenciado a seis meses de cárcel. El caso está ante nos en apelación de esa sentencia.

La teoría de la defensa consistió en que no se cometió ninguna violación de la ley en cuestión porque el revólver de referencia no pertenecía al acusado, si que a un señor llamado Roberto Maldonado, bajo cuyo nombre estaba registrado; y que la posesión del revólver por el acusado era de naturaleza tan accidental que por su parte no tenía ninguna obligación de registrarlo.

Uno de los testigos del Pueblo declaró que como a las ocho y media de la mañana vió al acusado disparar un re-

vólver contra Pedro Ayala. Este testigo, quien afirmó que se encontraba en el momento de los disparos a 60 metros del acusado, describió el revólver como de calibre "más o menos treinta y ocho" con cabo de nácar. Un segundo testigo declaró que poco después el acusado entró a su establecimiento dejándole una funda de papel diciéndole que contenía un revólver; que al mediodía el acusado regresó para recoger el paquete; y que el testigo realmente nunca vió el revólver. Quedó establecido que ningún revólver estaba registrado a nombre del acusado. Ningún revólver fué presentado por el Pueblo como el que, según se alega, no aparecía registrado.

La defensa consistió en que el revólver con que el acusado disparó era uno que pertenecía a Roberto Maldonado, a quien el acusado se lo iba a entregar después de haber sido reparado por su sobrino. Aparentemente la corte inferior concluyó que el revólver de Maldonado, el cual se presentó en evidencia, no era el revólver con el cual el acusado había hecho los disparos. Habiendo presentado el Pueblo un caso prima facie (véase *Pueblo* v. *García,* 59 D.P.R. 502, en relación con la portación de un arma prohibida), no vemos base alguna para revocar la convicción en este caso descansando en prueba a la cual la corte sentenciadora no le dió crédito.

En vista del hecho de que la corte de distrito impuso la sentencia mínima dispuesta por la ley tal como leía entonces, de conformidad con los fundamentos expuestos en *Pueblo* v. *Otero,* 61 D.P.R. 36, y en el ejercicio de nuestra discreción, declararemos con lugar la petición del acusado para que se reduzca la sentencia impuéstale al período mínimo dispuesto ahora por la ley.

*La sentencia será modificada en el sentido de reducirla a un mes de cárcel. Así modificada, la sentencia de la corte de distrito será confirmada.*