EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN RIVERA FIGUEROA, acusado y apelante.

*Número:* CR-65-38    *Resuelto:* 25 de marzo de 1966

*Santiago C. Soler Favale,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El apelante Juan Rivera Figueroa fue convicto de conducir un vehículo de motor bajo la influencia de bebidas embriagantes y sentenciado a cumplir seis meses de cárcel. [1] En el presente recurso señala dos errores que se dirigen a impugnar la apreciación de la prueba. Se queja además de que bajo las circunstancias concurrentes es excesiva la pena impuéstale.

Una lectura de la declaración del testigo de cargo Rafael Rodríguez demuestra que de ser creída, como indudablemente lo fue, se estableció cumplidamente la infracción: el acusado despedía un fuerte olor a licor, se tambaleaba y "hablaba muchísimo", gagueaba y no podía sostenerse en sus pies. *Pueblo* v. *Pérez Escobar,* 91 D.P.R. 10 (1964); *Pueblo* v. *Vélez Ruíz,* 89 D.P.R. 53 (1963) y casos allí citados. Para llegar a esta conclusión descartamos expresamente el hecho de la negativa a tomarse la muestra de sangre u orina que no constituye elemento incriminatorio pues meramente de lugar a una sanción de naturaleza administrativa. *Pueblo* v. *Otero*

---

[1] El tribunal de instancia hizo caso omiso de la Sec. 5-802(d) de la Ley de Vehículos y Tránsito que estatuye, en casos de convicción, una suspensión mandatoria de la licencia del conductor por un período mínimo de un año.

*Valle*, 89 D.P.R. 73 (1963) ; *Pueblo* v. *Tribunal Superior*, 86 D.P.R. 834 (1962).

■ Convenimos con el apelante que las circunstancias del caso no justificaban la imposición de una pena de seis meses, sino el mínimo que marcaba el estatuto para la fecha de la comisión del delito, o sea, diez días de cárcel. Ahora bien, habiéndose enmendado la ley para autorizar la imposición de una multa, Ley Núm. 6 de 30 de abril de 1965 (Leyes, pág. 10), le concederemos el beneficio del estatuto enmendatorio. [2] Se modificará la pena impuesta para imponer al apelante una multa de cien dólares. En *Pueblo* v. *Otero*, 61 D.P.R. 36 (1942) ; *Pueblo* v. *Cases*, 61 D.P.R. 383 (1943) ; *Pueblo* v. *Malavé*, 61 D.P.R. 403 (1943) ; *Pueblo* v. *Soto*, 61 D.P.R. 516 (1943) impusimos la pena autorizada por una ley enmendatoria que reducía el mínimo prescrito por la ley original, a infracciones cometidas antes de su vigencia.

De la relación que antecede surge diáfanamente que no se trata de una intervención en la imposición de la pena por el tribunal sentenciador pues precisamente el fundamento del apuntamiento de error es que la dictada es excesiva. No podemos evitar considerarlo, y es poco menos que inútil devolver el caso al juez a quo para que revise la sentencia cuando no hizo buen uso de la discreción que tenía al fijar la original. Este Tribunal tiene la facultad reconocida de modificar las penas especialmente cuando, como en el presente caso, dispone de los elementos de juicio necesarios para ello.

La inseguridad e incertidumbre a que se alude en la opinión disidente es más aparente que real. Un examen de nuestras sentencias en las apelaciones criminales demuestra que tal afirmación tiene muy precarios fundamentos.

---

[2] Los Arts. 44 y 386 del Código Político, 2 L.P.R.A. secs. 252 y 253 no impiden esta solución ya que aquí se trata de una ley enmendatoria de la pena y no derogatoria de la responsabilidad penal. *Pueblo* v. *Tribunal de Distrito*, 70 D.P.R. 678 (1949), envolvía en efecto una derogación de una ley penal, aun cuando la Asamblea Legislativa la llamó "enmienda" (a la pág. 681).

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Negrón Fernández disintió en parte. El Juez Asociado Señor Belaval emitió una opinión separada en la cual disiente del pronunciamiento sobre la modificación de la sentencia. El Juez Asociado Señor Santana Becerra concurre en el resultado.

—O—

Voto disidente del Juez Presidente Señor Negrón Fernández

San Juan, Puerto Rico, a 25 de marzo de 1966

Después de estudiar detenidamente la evidencia pasada en este caso, disiento de aquella parte de la sentencia que modifica la del tribunal a quo de seis meses de cárcel a cien dólares ($100.00) de multa.

Como norma general, excepto en casos en que fuere imprescindible, preferiría que se devolviera para nueva sentencia al tribunal sentenciador cualquier caso en que este Tribunal creyere que debe dar a un acusado el beneficio de la enmienda que a la Ley Núm. 141 de 20 de julio de 1960 introdujo la Núm. 6 de 30 de abril de 1965 autorizando la imposición de una multa en vez o en adición a cárcel. Ello es así porque considero que nuestra intervención con la discreción del tribunal a quo en la imposición de las penas, cuando media un nuevo estado de derecho—inexistente a la fecha de la sentencia por el tribunal de instancia, como en este caso—crea una sensación indeseable de inseguridad e incertidumbre en los Jueces del Tribunal Superior en cuanto a la procedencia y corrección de las penas por ellos impuestas que no sean de multa, o que no sean el mínimo de la multa, lo cual considero detrimental al proceso judicial y a las reiteradas normas de no intervención con la discreción del tribunal sentenciador en la imposición de penas salvo en casos extraordinarios; y además, porque se da una impresión equivocada de laxitud por parte de este Tribunal con relación al problema que representa

para la seguridad pública en nuestras carreteras personas conduciendo automóviles en estado de embriaguez.

—0—

Opinión disidente del Juez Asociado Señor Belaval

San Juan, Puerto Rico, a 25 de marzo de 1966

Se trata de una acusación contra el apelante en este caso por haber conducido un vehículo de motor bajo los efectos de bebidas embriagantes. Hemos examinado la evidencia en este caso y aunque hay prueba de la infracción no es un caso que merezca la corrección excesiva que le impuso el Juez sentenciador. El único elemento de prueba indiciaria, desinteresada, que inculpa al acusado es el testimonio de un policía, en el sentido, que el acusado se negó a dejarse tomar la prueba de sangre o de orina. En cuanto al estado lastimoso del acusado, no hay duda que el acusado en el choque recibió una herida ancha en la frente de la cual manaba sangre, que lo mantuvo mareado y lo obligó a recluirse en un hospital.

El señor Procurador General de Puerto Rico está conforme en que reduzcamos la pena de seis meses de cárcel que le impuso el Juez sentenciador. Originalmente por un primera infracción de su Sec. 5-802 inciso (a) la Ley Núm. 141 de 20 de julio de 1960 disponía una pena de cárcel por un término no menor de diez (10) días ni mayor de un (1) año. Posteriormente, en virtud de la enmienda a la Sec. 5-802 inciso (a) que se hace por la Ley Núm. 6 de 30 de abril de 1965, por la primera infracción se dispone una multa no menor de cien (100) dólares ni mayor de mil (1000) dólares o con pena de cárcel por un término no mayor de un año.

Es indudable que no podemos llevar nuestro ánimo reparador hasta ordenar una sentencia por multa en vez de la sentencia de cárcel impuesta por el Juez sentenciador. El acusado apelante fue sentenciado el 27 de marzo de 1961 y la enmienda posterior de la Ley Núm. 6 empezó a regir el 30 de abril de

1965. Sabido es que cuando se trata de procedimientos pasados y terminados, el Art. 44 del Código Político de Puerto Rico del 1902—2 L.P.R.A. sec. 252, pág. 390—dispone que: "la revocación de una ley creando un delito, no constituye impedimento para acusar o perseguir y castigar un hecho ya cometido con infracción de la ley así revocada, a menos que se declare expresamente en la ley derogatoria el propósito de impedir tal persecución o castigo". Nuestra jurisprudencia tiene ya establecido que una enmienda equivale a una derogación: *Pueblo* v. *Velázquez*, 35 D.P.R. 599 (Franco Soto) (1926) cita precisa a la pág. 602; *Pueblo* v. *Tribunal de Distrito*, 70 D.P.R. 678 (De Jesús) (1949) cita precisa a las págs. 681–683.

Por las razones expuestas debe modificarse la sentencia dictada el 27 de marzo de 1961 reduciéndola a diez días de cárcel.