EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* JOSÉ MANUEL RODRÍGUEZ TORRES, acusado y recurrente.

*Número:* CE-66-20        *Resuelto:* 1ro. de diciembre de 1967

*Nicanor Vázquez Torres,* abogado del recurrente; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Ante el Tribunal de Distrito, Sala de Humacao, José Manuel Rodríguez Torres fue acusado, en unión a Raúl Medina Lebrón y Luis Pérez González, de hurto de uso, Art. 444 (a) del Código Penal, 33 L.P.R.A. sec. 1700. Hicieron alegación de inocencia, y previa la celebración de juicio, (1) en 25 de enero de 1966, se les declaró culpables del delito imputado. Apelaron y solicitaron juicio de novo.

En 6 de abril de 1966, al comenzar el juicio de novo ante el Tribunal Superior, Sala de Humacao, el apelante Raúl Medina Lebrón admitió los hechos e hizo alegación de culpabilidad. Inmediatamente el abogado defensor de José Manuel Rodríguez Torres manifestó que utilizaría a Medina Lebrón como testigo. Al finalizar la presentación de la prueba de cargo la defensa llamó como primer testigo a Medina pero el fiscal se opuso aduciendo que no había declarado como testigo ante el Tribunal de Distrito. Así lo sostuvo el tribunal a quo. (2) El Tribunal Superior los encontró culpables.

José Manuel Rodríguez Torres presentó un recurso de *certiorari* para revisar esta sentencia. Entre los errores señalados apunta la negativa del juez a quo a recibir el testimonio del coacusado Medina como testigo de defensa. En 31 de octubre de 1966 expedimos el auto solicitado.

A la fecha en que se celebró el juicio de novo ante el Tribunal Superior, la Regla 216 (g) de las de Procedimiento Criminal disponía en lo pertinente que:

---

(1) Los testigos que figuran en la denuncia son Tomás Mojica Rodríguez, el perjudicado, y los policías Marcelino García, Juan Alejandro y Domingo Meléndez. Se adicionó en tinta el nombre de otro testigo, pero la letra no es legible.

Del expediente del Tribunal de Distrito no se desprende los testigos que declararon en el acto del juicio.

(2) La defensa manifestó para el récord que "Delante del Ministerio Fiscal estuvimos hablando con . . . Raúl Medina . . . éste testificó que ni el acusado Luis Pérez, ni José Manuel Rodríguez tenían nada que ver con el hurto de ese vehículo, sino, más bien, que él les dio transportación; o sea, les dio 'pon' cuando los encontró en la ciudad de Fajardo, para traerlos hasta Humacao." (T.E. págs. 15-16.) El fiscal asintió.

"En los casos en que la apelación haya sido entablada contra una sentencia imponiendo pena de cárcel, el juez de distrito remitirá el expediente original dentro de veinte días al Tribunal Superior, el cual señalará fecha para la celebración de un juicio de novo, citando al acusado y al fiscal. *En el acto del juicio no se podrán admitir nuevas pruebas sino tan solo reproducir aquélla que el juez de distrito hubiese admitido o rehusado . . . .*" (Énfasis nuestro.)

Una interpretación literal del precepto transcrito sostendría la actuación del tribunal de instancia. Mas, la consideración de los motivos que indujeron la adopción de esta disposición unida a las circunstancias particulares que aquí concurren, nos llevan a un resultado contrario. El propósito evidente de la regla que excluía la presentación de nuevas pruebas fue evitar que el acusado ante el Tribunal de Distrito adoptara la táctica conocida de comparecer al juicio ante dicha sección para enterarse de la prueba en su contra, reservándose su prueba para presentarla ante el tribunal de apelación. En el presente caso, el coacusado Medina hizo alegación de inocencia ante el Tribunal de Distrito y no podía obligársele a prestar testimonio ante la posibilidad de que se incriminara a sí mismo. Es en el Tribunal Superior que desaparece la inhabilidad; y por eso, es entonces que por vez primera está disponible para ser utilizado como testigo de defensa, desaparecido con su confesión de culpabilidad el riesgo de auto-incriminación. La única interpretación razonable que puede dársele a la Regla 216(g), según entonces regía, es que las "nuevas pruebas" se referían a aquella que estaba *disponible* para el acusado presentarla en el acto del juicio ante el Tribunal de Distrito.

Previendo el rigor de la disposición, y para evitar un fracaso de la justicia, la Asamblea Legislativa enmendó la sección citada mediante la Ley Núm. 49 de 15 de junio de 1966 (Leyes, pág. 194), de vigencia inmediata, que permite la presentación de nuevas pruebas cuando se demuestra justa

causa para ello.(³) No cabe duda que en el presente caso, por las circunstancias reseñadas, existía esa justa causa. Siendo ésta la ley que regía a la fecha de la expedición del auto procedía también concederle sus beneficios al peticionario Rodríguez Torres. Cf. *Pueblo* v. *Pou Ruig*, Sentencia 18 de mayo de 1967; *Pueblo* v. *Rivera Figueroa*, 93 D.P.R. 385 (1966); *Pueblo* v. *Soto*, 61 D.P.R. 516 (1943).

*Se devolverá el caso para la celebración de un nuevo juicio consistente con la presente opinión.*

El Juez Asociado Señor Belaval no intervino.

---

(³) Para la historia legislativa, véase *Diario de Sesiones*, vol. 20, págs. 1727–1729. Recientemente se enmendó nuevamente la Regla 216(g) por la Ley Núm. 25 de 9 de mayo de 1967 (Leyes, pág. 264), a los fines de permitir la declaración del acusado en el juicio de novo aun cuando éste no hubiese declarado ante el Tribunal de Distrito. Véanse los Informes de la Comisión de lo Judicial de la Cámara redactados en 29 de abril de 1966—5 Servi. Legis. P. R. 394–395—y 9 de marzo de 1967, *Diario de Sesiones*, vol. 21, pág. 548, respectivamente; y el de la Comisión de lo Jurídico Penal del Senado redactado en 19 de abril de 1967, *Diario de Sesiones*, vol. 21, pág. 782.

A pesar de que el recurrente no había declarado ante el Tribunal de Distrito, el juez a quo permitió su testimonio en el juicio de novo (T.E. pág. 24), anticipándose a la acción legislativa.