El Pueblo de Puerto Rico, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de Guayama, Hon. Carlos Bastián Ramos, Juez, demandado.

*Número:* O-68-68          *Resuelto:* 6 de junio de 1968

---

*Rafael A. Rivera Cruz, Procurador General,* y *Lolita Miranda, Procuradora General Auxiliar,* abogados del peticionario.

SENTENCIA

San Juan, Puerto Rico, a 6 de junio de 1968

Mediante este recurso, el cual consideraremos como un recurso de *mandamus,* se solicita que consideremos si un Juez Superior puede determinar si existe o no causa probable para creer que se había cometido el delito de atentado a la vida a base del testimonio de uno de los dos testigos que testificaron en la vista preliminar celebrada ante un Juez de Distrito quien determinó que no existía causa probable.

El Juez Superior concluyó que no podía legalmente determinar causa probable en este caso porque "el fiscal, al no someter en este caso la misma prueba que sometió al Juez de Distrito, o sea, los dos testigos que presentó en la vista preliminar ante dicho juez, no cumplió con el inciso C de la Regla 24 de Procedimiento Criminal, de someter el caso con la misma prueba o con otra prueba." Dictaminó dicho juez que de no recurrir el fiscal de tal resolución, el tribunal procedería a hacer una determinación de inexistencia de causa probable por incumplimiento de la referida disposición de la Regla mencionada.

El referido juez añadió que el fiscal puede traer ante un Juez Superior prueba adicional que haya aparecido luego o no pudo presentar originalmente, "para añadir, no para quitar elementos de juicio a dicho juez para una determinación consciente de causa probable. Ello contempla que el Juez Superior tenga igual o más prueba que el Juez de Distrito . . . ."

La letra del referido inciso (c) de la Regla 24 citada, es clara en el sentido de que cuando un magistrado del

Tribunal de Distrito hiciere una determinación de que no existe causa probable o que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto *de nuevo con la misma o con otra prueba* a un magistrado del Tribunal Superior. Nada aparece en dicha disposición que requiera que el fiscal presente al Juez Superior la misma prueba que ofreció en la vista preliminar ante el Juez de Distrito. Por el contrario, la segunda vista preliminar no es de la naturaleza de una apelación mediante *juicio de novo* de la primera. Cf. Regla 216 (g) de las de Procedimiento Criminal; *Pueblo* v. *Rodríguez Torres*, 95 D.P.R. 467 (1967). Es independiente, separada y distinta de ésta, pues a los efectos de la segunda, provee la Regla en cuestión que el fiscal somete el asunto *de nuevo*, es decir, sin limitación alguna en cuanto a la prueba a presentar, por razón de la primera vista preliminar.

Para mayor claridad dispone el inciso (c) de la citada Regla 24, que el fiscal podrá someter el caso a un Juez Superior, con la misma o con otra prueba. Nada hay en esta disposición que limite al fiscal a someter el asunto *con la misma prueba u otra adicional*. Al contrario, resulta evidente del contenido de la disposición en cuestión que el fiscal está en entera libertad de someterlo con la misma prueba, con parte de ella o con otra prueba enteramente separada y distinta o adicional a toda o parte de la prueba que ofreció en la vista preliminar original.

Resultando de lo expuesto que existe el derecho a exigir la inmediata celebración de la vista preliminar en cuestión y apareciendo que no existe excusa alguna para no celebrarla, se expide el auto de *mandamus* y se ordena perentoriamente al Juez Superior, Sala de Guayama, Hon. Carlos Bastián Ramos, que celebre la vista preliminar solicitada, debiendo considerar en dicha vista la prueba que el ministerio público tenga a bien presentar.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández

*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos

*Secretario*