TEXTO COMPLETO DE LA SENTENCIA
Ante nos, el Procurador General en el recurso identificado como el KLCE-05-00741. Solicita que revisemos la resolución emitida por el Tribunal de Primera Instancia, Sala de Fajardo (“TPF). Dicho foro decidió que se procesaría al imputado, Luis Alejandro Ramos, bajo las disposiciones del Nuevo Código Penal de 2004, Ley 149 de 18 de junio de 2004, según enmendada, en relación con los delitos de tentativa de apropiación ilegal agravada y daños por ser éstas más favorables. Argumenta que el nuevo Código Penal contiene una precisa cláusula de reserva codificada en el Art. 308 donde expresamente prohíbe su aplicación a hechos o conducta delictiva cometida con anterioridad a su vigencia.
Por los fundamentos que exponemos a continuación, expedimos el auto de certiorari solicitado por el Procurador General en el referido recurso, a los fines de revocar lo determinado por el TPI.
Los hechos no están en controversia en cuanto al recurso KLCE-05-0741 que discutimos. Por eventos ocurridos el 27 de abril de 2005 se presentaron denuncias contra el imputado-recurrido, Luis Alejandro Ramos, entre otras en lo que aquí nos concierne, por violación a los Arts. 166 y 180 del Código Penal de 1974-apropiación ilegal agravada en grado de tentativa y daño agravado- 33 L.P.R.A. sees. 4272 y 4286. Luego de determinarse causa probable para su arresto, se señaló vista preliminar para el 16 de mayo de 2005. Ese día, solicitó que se le aplicaran las disposiciones del nuevo Código Penal en vigor desde el primero de mayo de 2005 en cuanto a los delitos de apropiación ilegal y daños que se le imputaban por resultar éstas más benignas. El Ministerio Público se opuso.
El TPI resolvió. Concluyó que al amparo del Art. 9 del Código Penal vigente, procedía la aplicación de la pena más favorable al acusado contemplada en dicha ley.
Inconforme, el Procurador General acude ante nos. Imputa la comisión del siguiente error:

“Erró el Tribunal de Primera Instancia al aplicar retroactivamente las disposiciones del Nuevo Código Penal, en abierta contravención a la cláusula de reserva contenida en el Artículo 308 de dicha pieza 
*384
legislativa. ”

Asimismo, mediante auxilio de nuestra jurisdicción, solicitó que paralizáramos los procedimientos pautados ante el TPI mientras resolvíamos la controversia. Accedimos.
La Sociedad Para Asistencia Legal, representando al referido imputado, se opone. En una bien elaborada y articulada discusión reclama el beneficio del principio de favorabilidad como se le conoce cuando se aplica la ley más benigna aunque la misma haya sido promulgada después de los hechos que le imputan. Sustenta su posición en el Art. 4 del Código Penal de 1974 y el 9 del nuevo. Como punto de referencia apoya su tesis en jurisprudencia y comentarios relacionados con la controversia. Cita, entre otros, a Pueblo v. Rosso Vázquez, 105 D.P.R. 905 (1977); Pueblo v. Caballero Rodríguez, 109 D.P.R. 126 (1979); Pueblo v. Rivera Figueroa, 93 D.P. R. 383, (1953); y Antonio Bascuñán, La Aplicación de la Ley Penal más Favorable, 69 Rev. Jur. U.P.R. 29 (2000).
En conocimiento de la posición de las partes, resolvemos.
La regla general sobre esta controversia está centrada en que todos los hechos o conducta criminal ocurridos a partir de la fecha de vigencia de una nueva ley, serán procesados bajo sus disposiciones. Lo anterior obedece a que, de ordinario, las leyes tienen carácter prospectivo a menos que la Asamblea Legislativa expresamente le imprima uno retroactivo. Pueblo v. Pizarro Solis, 129 D.P.R. 911, 927 (1992). Cfr., Nieves Cruz v. U.P.R., 151 D.P.R. 150, 157-160 (2000). El nuevo Código no la descarta. Todo lo contrario, la adopta. Su Art. 8 la recoge en los siguientes términos:

“La ley penal aplica a hechos realizados durante su vigencia. ”

Relacionado con ese aspecto, nuestro ordenamiento jurídico reconoce, en la materia penal que consideramos, una excepción. Como tesis dominante, cuando la ley posterior que se promulga derogando una anterior beneficia al acusado, éste tiene disponible a su favor el llamado principio estatutario de favorabilidad para que se le aplique la ley y pena más benigna por actos cometidos antes de su vigencia.
El Art. 9 del Código Penal de 2004 adopta el referido principio. Dispone lo siguiente:

“Artículo 9. Aplicación de la Ley más Favorable.

La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas.

(a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle sentencia, se aplicará siempre la ley más benigna.

(b) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o la medida de seguridad a al modo de ejecutarlas, se aplicará retroactivamente.

(c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada de estar recluida o en restricción de libertad. ”

En estos casos, los efectos de la nueva ley o de la decisión judicial operarán en pleno derecho.
Como se aprecia, el citado precepto permite la aplicación de la ley más beneficiosa para el acusado al *385 momento de su procesamiento, imponerle sentencia o durante su condena. En ese caso, debe compararse la ley vigente al momento de cometer el delito con la nueva y si, e.g„ esta última es más beneficiosa, aplicará retroactivamente, excepto que una cláusula de reserva lo prohíba.
La referida norma debe aplicarse a disposiciones o cambios relativos a la tipificación del delito, a sus atenuantes y a las causas de exclusión de responsabilidad lo mismo que a requisitos de prueba. Neváres-Muñiz, Dora, Nuevo Código Penal de Puerto Rico, San Juan, Inst, para el Desarrollo del Derecho, Inc., 2004, pág. 10. También a la pena o castigo y al grado del delito en la medida que sea más favorable al acusado.
Aunque, como regla general, las leyes son irretroactivas, no se trata de una fórmula sacramental. En esta jurisdicción se reconoce la aludida excepción cuando las penales en vigor, promulgadas en fecha posterior a la comisión del delito, benefician al acusado. La misma es hoy de orden estatutario. Se le atribuye a consideraciones de índole político-social, dado que carece de sentido dictar o mantener la ejecución de penas por hechos que ya no se consideran delitos o cuando la gravedad de aquéllas aparece como desproporcionada. Véase, Bacigalupo, Enrique. Derecho Penal. Parte General, Hammurabi, Buenos Aires, 1999, pág. 188.
El Art. 308 del nuevo Código Penal de 2004, en armonía con el Art. 8, supra, contiene una cláusula de las denominadas de reserva específica. Expresamente establece que toda conducta realizada antes de su efectividad en violación al Código derogado, se regirá por las leyes vigentes al momento del hecho. Limita su aplicación a conducta incurrida con posterioridad a su vigencia. De la misma manera prohíbe el encausamiento por delitos cometidos antes, suprimidos por ese nuevo modelo. Incluso, dispone la nulidad de sentencias condenatorias en esos casos. Lee como sigue:

“Artículo 308. Aplicación de este Código en el tiempo. La conducta realizada con anterioridad a la vigencia de este Código en violación a las disposiciones del Código Penal aquí derogado o de cualquier otra ley especial de carácter penal se regirá por las leyes vigentes al momento del hecho. ”

Si este Código suprime algún delito, no deberá iniciarse el encauzamiento, las acciones en trámites deberán sobreseerse, y las sentencias condenatorias deberán declararse nulas y liberar a la persona. El cambio de nombre de un delito no significa que el tipo delictivo ha quedado suprimido.
Aunque en una primera impresión parece surgir un conflicto insalvable con lo preceptuado en el citado Art. 9, la aplicación de los principios y fundamentos que esbozaremos desvanece la aparente pugna y permite superar cualquier duda, confusión o dificultad de engarce entre ambos.
Ciertamente, el Art. 9 reconoce el principio de la favorabilidad. No obstante, el 308, cláusula de reserva específica, expresamente establece que las violaciones incurridas por actos realizados durante la vigencia del Código derogado, se regirán por las leyes de ese ordenamiento. El hecho que se reconozca el principio de favorabilidad, no implica que el legislador, al aprobar el nuevo Código, haya optado por darle carácter retroactivo en lo referente a delitos cometidos antes de su vigencia.
Estando el derecho de favorabilidad reconocido jurisprudencialmente y reiterado estatutariamente en el Código de 2004, sujeto a la aplicación que el legislador disponga, éste puede concederlo de forma retroactiva como prospectiva. A manera de ejemplo, compárese el Art. 282 del derogado Código Penal de 1974 el cual expresamente establece que el Art. 4, donde se reconoce el principio de favorabilidad, tendrá aplicación prospectiva. Véase, Pueblo v. Rosso Vázquez, supra, pág. 911.
En la situación que nos ocupa, los hechos o conducta delictiva ocurrieron el 27 de abril de 2005, o sea con anterioridad a la vigencia del Código Penal de 2004. El argumento del imputado-recurrido, acogido por el TPI, es que por encontrarse pendiente de ser enjuiciado y siendo las disposiciones del nuevo Código Penal más *386 beneficiosas, las mismas deben aplicársele a tenor del principio de favorabilidad incorporado en su Art. 9.
De entrada, examinamos las disposiciones del Código Penal de 1974 así como las del nuevo para determinar si en realidad estas últimas son más favorables para el imputado. Esa controversia se circunscribe a lo tipificado en el Art. 166 y 180 del Código Penal de 1974.
El Art.. 166 del Código Penal de 1974, en lo pertinente a la controversia planteada, establece lo siguiente:

“Art. 166 Apropiación Ilegal Agravada

Será sancionada con pena de reclusión por un término fijo de diez (10) años, toda persona que cometiere el delito previsto en el Artículo anterior con la ocurrencia de cualquiera de las siguientes circunstancias:

(a)....

(b) apropiándose de bienes cuyo valor fuere de doscientos dólares o más.

Los Arts. 192 y 193 del Código Penal de 2004, leen como sigue:

“Art. 192. Apropiación ilegal. Toda persona que ilegalmente se apropie sin violencia ni intimidación de bienes muebles pertenecientes a otra persona incurrirá en el delito de apropiación ilegal y se le impondrá pena de delitos menos grave. ”

El tribunal también podrá imponer la pena de restitución.

“Art. 193 Apropiación ilegal agravada. Incurrirá en delito grave de tercer grado, toda persona que cometa el delito de apropiación ilegal descrito en el Artículo 192, si se apropia de propiedad o fondos públicos, o de bienes cuyo valor sea de mil ($1,00) dólares o más. ”

Si el valor del bien apropiado ilegalmente es menor de mil (1,000) dólares, pero mayor de quinientos ($500) dólares, incurrirá en delito grave de cuarto grado.
El tribunal también podrá imponer la pena de restitución.
Según el Art. 16 del nuevo Código sobre clasificación de delitos se define el menos grave como aquél “que conlleva una multa individualizada de hasta cinco mil (5,000) dólares o reclusión hasta noventa (90) días”. Asimismo, el inciso (d) de dicho artículo establece que el delito grave de cuarto grado, es aquél “cuya pena de reclusión fluctúa entre seis (6) meses un día y tres (3) años”.
El Art. 12 del Código derogado, 33 L.P.R.A. see. 3044, clasificaba en delito menos graves todo aquél que apareje pena de reclusión por un término que no exceda de seis (6) meses, pena de multa que no exceda de $5,000, o ambas penas a discreción de tribunal. Serán graves todos los demás. íd. Según la resolución recurrida, en cuanto al delito de tentativa de apropiación ilegal agravada, no hay controversia que la conducta del acusado estaba dirigida a apropiarse de bienes ascendentes a $250, la cual, según el Art. 166 del Código derogado, será sancionada con pena de reclusión por un término de diez (10) años. La comisión del delito de apropiación ilegal agravada como delito grave se constituye, de acuerdo al nuevo Código, cuando la cantidad asciende a más de $500. Por ende, a su amparo, la conducta ilegal alegadamente cometida por el imputado constituye delito menos grave.
*387 En relación con el delito de daños, el Art. 180 del Código derogado, 33 L.P.R.A see. 4286, disponía que cuando el causado fuese de $500 o más, se convierte en delito grave. En el Código Penal de 2004, los Arts. 207 y 208 aumentaron el Emite del daño a $1,000 para clasificarse de delito grave de cuarto grado. En el caso ante nos, se estimaron los daños en $700. 
De tal forma, la conducta delictiva imputada en ambos cargos constituye delito menos grave de aplicarse el nuevo Código. No es así bajo el Código de 1974. Debemos entonces determinar si las violaciones por hechos ocurridos con anterioridad a la vigencia del nuevo Código las gobierna, en el orden sustantivo, el anterior derogado tomando en consideración la cláusula de reserva del Art. 308, supra.
Argumenta el Procurador General, en síntesis, que el Art. 308 constituye una medida especial que prohíbe la aplicación retroactiva del principio de favorabilidad reconocido en el 9. Agrega que la intención legislativa fue que sus disposiciones sólo aplicarán prospectivamente a partir de la vigencia del nuevo Código.
Destaca que el Art. 308 dispone expresamente que la conducta anterior se regirá por las leyes vigentes al momento del hecho o conducta delictiva. Añade que lo promulgado en el Art. 9 no alcanza aquellas “reglas secundarias”, como el principio de favorabilidad, sino solamente “reglas primarias”, o las normas sobre delitos y penas. Añade que el efecto del Art. 4 del Código Penal de 1974 invocado no es una regla de conducta, por lo que no puede ser utilizado para reabrir las reglas de conducta más favorables incluidas en el nuevo código. Concluye, sobre ese extremo, que solamente será de aplicación en cuanto a las penas o conductas proscritas (“reglas primarias”) y no en cuanto al resto por constituir “reglas secundarias”.
Refiriéndose al historial legislativo -Informe de la Comisión de lo Jurídico del Senado-, sostiene que dicha Comisión acogió la recomendación formulada por la Secretaria de Justicia sobre la eliminación de la última oración del Art. 308 del Proyecto del Senado 3207 que luego se convirtió en la Ley 149. La misma establecía que “las disposiciones de este Código serán aplicables si le resultara de dicha aplicación un tratamiento más favorable al imputado o sentenciado.”
Agrega que, a tenor de lo anterior, se contemplaba en el referido Art. 308 su aplicación retroactiva en lo concerniente al principio de favorabilidad. Argumenta que, al ser eliminada esa última oración, quedó clara la intención legislativa sobre su efecto prospectivo. Destaca que al adoptar la sugerencia de eliminar dicho segmento del Art. 308, la Comisión de lo Jurídico del Senado expresó que “[l]a intención del legislador es que este Código aplique a delitos cometidos con posterioridad a su vigencia, salvo en cuanto a lo dispuesto en el segundo párrafo de ese artículo para el caso en que este Código suprima algún delito. ”
Analizamos, a la luz de los principios que rigen la interpretación de estatutos y sus reglas de hermenéutica, el alcance que tiene sobre el Art. 4 del Código Penal de 1974 y el 9 del nuevo, la expresión de la cláusula de reserva específica incluida en el primer párrafo del Art. 308 disponiendo que “[l]a conducta realizada con anterioridad a la vigencia de este Código en violación a las disposiciones del Código Penal aquí derogado o de cualquier otra ley especial de carácter penal se regirá por las leyes vigentes al momento del hecho ”. Énfasis nuestro.
La vigente ley que penalizaba la conducta delictiva imputada al recurrido era el Código Penal de 1974. Su derogado Art. 4 leía como sigue:

“Artículo 4, Aplicación Temporal de la Ley Penal.

Las leyes penales no tienen efecto retroactivo, salvo en cuanto favorezcan a la persona imputada de delito.

Si la ley vigente al tiempo de cometerse el delito fuere distinta de la que exista al imponer la sentencia, se aplicara siempre la más benigna.

*388
Si durante la condena se aprobare una ley más benigna en cuanto a la pena o al modo de ejecución, la misma se limitará a los establecido por esa ley.

En los casos del presente artículo, los efectos de la nueva ley operarán en pleno derecho. ”

El citado precepto prohíbe la imposición de leyes ex post facto, según requerido por el Art. II, Sec. 12 de las Constitución del E.L.A. Una ley ex post facto es toda aquélla que en su relación con el delito o sus consecuencias altera la situación del acusado en su perjuicio.
No obstante lo expresado sobre la aplicación de la ley más beneficiosa para el acusado que se apruebe al momento de su procesamiento, Le., principio de favorabilidad, la misma tendría aplicación prospectiva a tenor del entonces vigente Ají. 282. 
Según expusimos anteriormente, el nuevo Código Penal tiene una disposición similar al Art. 4. Mediante la inclusión del Art. 9, el legislador la adoptó. Aunque con un lenguaje distinto, incorporó así el principio de favorabilidad. Es este nuevo, en cierta medida, de cobertura más amplia que el Art. 4 del Código derogado. Véase. Nevares-Muñiz, Dora. Derecho Penal Puertorriqueño. Parte General, Inst, para el Desarrollo del Dcho, 2005, págs. 107-108.
Si bien puede argumentarse que cuando se deroga una ley y se incorpora a la nueva una cláusula preexistente de la anterior, se entiende que ésta es continua, cfr.. Pueblo v. Alvarez Torres, 127 D.P.R. 830, 836-837 (1991), también lo es que el legislador tiene la potestad para disponer lo contrario. En ese contexto, al derogar en su totalidad la ley anterior, como aquí ocurrió, aun cuando ello no menoscabe la continuidad de la cláusula incorporada en la nueva, su efecto continuo cede ante la intención legislativa en contrario. Cfr., Pueblo v. Rosso Vázquez, supra, pág. 911.
La inclusión del Alt. 9 en el nuevo Código Penal refleja que el legislador estuvo consciente del alcance e importancia del principio de la favorabilidad. Nos convence, sin embargo, el lenguaje finalmente adoptado en el Art. 308, luego de la enmienda al Proyecto 3207 del Senado, en el sentido de que “[l]a conducta realizada con anterioridad a la vigencia de este Código en violación a las disposiciones del Código Penal aquí derogado ... se regirá por las leyes vigentes al momento del hecho”. El mismo constituye la expresión preponderante de mantener la vigencia del Código derogado cuando se trata de conducta realizada con anterioridad a la vigencia del nuevo. Significa que en el ejercicio de sus prerrogativas, el legislador eligió darle efecto prospectivo al principio de favorabilidad que reconoció en el Alt. 9. De tal forma, ambos coexisten dentro de su ámbito.
Ahora bien, si durante la vigencia del nuevo Código se promulga una ley que enmienda, e.g., la naturaleza o la pena de un delito, por disposición expresa de su Art. 8 se aplicará la ley, en ese caso, que se considere más favorable en cuanto a delitos cometidos después de la fecha de su efectividad. De tal modo, al imprimirle carácter prospectivo al Art. 9, lo armonizamos con el 308 y el principio de la ley más favorable.
No le damos acogida al argumento del recurrido en el sentido de que el Art. 308 del nuevo Código carece de una expresión clara sobre la aplicación prospectiva del principio de favorabilidad recogida en el Art. 282 del derogado Código Penal de 1974. Aunque el primero no está dotado de un texto tan definido en comparación con el segundo, debemos tener presente que las cláusulas de una ley al ser interpretadas requieren de una lectura colectiva e integral como condición predominante. De igual modo, compararlas con otras disposiciones del mismo grupo y armonizarlas con su historial legislativo. Es imprescindible su unificación.. Un análisis aislado es, por ende, incompleto. Podría peligrosamente conducir a una visión fragmentada que por la falta de elementos distorsiona sus efectos, aunque se utilice la acepción correcta de una doctrina.
Si bien el Art. 9 del Código nuevo incorpora el principio de favorabilidad adoptado en el Art. 4 del de 1974, *389 la intención legislativa de que su aplicación sea prospectiva quedó matizada no sólo por el lenguaje utilizado en el propio Art. 308, sino de su historial legislativo. La enmienda sufrida por el Art. 308 antes aludida, estuvo diseñada para eliminar del proyecto del Código nuevo lo relacionado con la última cláusula del mismo que expresamente disponía para la aplicación del principio de favorabilidad reconocido en el Art. 9 por hechos delictivos cometidos bajo la vigencia del Código derogado. Si a esto agregamos la razón expuesta para ello por la Comisión de lo Jurídico, constituyen juntos testimonio de la manifestación más contundente que aflora la intención legislativa plasmada en el Art. 308 de darle al nuevo Código aplicación prospectiva, particularmente sobre ese extremo, a partir de su vigencia.
En el ejercicio de sus facultades inherentes, el legislador optó por derogar el Código de 1974 y sustituirlo por el nuevo, no enmendarlo. Véase, Art. 307 del nuevo Código. Conservó el enfoque de darle al último efecto prospectivo incluyendo prohibir su aplicación en cuanto a delitos cometidos bajo la vigencia del Código anterior, prerrogativa ésta inmersa en el Art. 44 del Código Político, 2 L.P.R.A. see. 252, que impide, como estatuto de reserva general para leyes de carácter penal, la aplicación en esta jurisdicción de la doctrina de la supresión cuando se deroga una ley en vigor, a no ser que expresamente se declare lo contrario en la ley derogatoria. Nada de lo preceptuado en el Art. 9, ni en el historial legislativo en torno a la adopción del Art. 308, indica lo contrario.
Tampoco nos persuade el argumento referente a que no tiene sentido aplicar una pena mayor cuando la Legislatura, al revaluar la gravedad del acto, determinó ajustarla por razones de valoración de la conducta punible. Entraña esa teoría una dificultad. Ajuicio nuestro, se trata de un criterio intangible que puede obedecer a un abanico de supuestos. No gravita sobre nuestra función adentrarnos en esa subjetiva problemática. Tampoco fiscalizar sus méritos ni descartar excepciones promulgadas invocando mejores y más provechosas opciones. En esa medida, tal controversia no es justiciable. Más aún cuando no se trata de una garantía con rango constitucional.
Finalmente, los casos de Pueblo v. Rosso Vázquez, supra, y Pueblo v. Caballero Rodríguez, supra, citados por la Sociedad Para Asistencia Legal en apoyo de su tesis, son inaplicables. En Rosso Vázquez se resolvió que la doctrina de la favorabilidad no aprovechaba al acusado en ese caso, primero porque a la fecha que fue sentenciado todavía no estaba en vigor el Código de 1974. Segundo, porque comoquiera, el Art. 4 del Código disponía expresamente que sus disposiciones se aplicaban prospectivamente. Véanse, págs. 910 y 911.
Pueblo v. Caballero Rodríguez, supra, no adjudica concretamente esa controversia. Su alcance no altera la interpretación e integración que otorgamos al Art. 308. Meramente se limitó a resolver que, aun aplicándole al acusado el principio de favorabilidad, su planteamiento de que la prueba aportada durante el juicio demostró que estaba bajo los efectos de marihuana por lo que el veredicto debió ser por asesinato en segundo grado, en lugar de primer grado, carecía de mérito. A esos efectos se expresó que el tribunal de instancia, en sus instrucciones al jurado, cubrió lo dispuesto en el Art. 33 del entonces nuevo Código (1974) referente a la voluntaria intoxicación por drogas como elemento al considerarse el fin o motivo en la comisión del delito, enfoque éste más amplio que el contemplado en el Art. 41 del Código de 1937 derogado que sólo incluia el estado de embriaguez voluntaria.
Nótese que contrario a Rosso Vázquez, en Caballero v. Rodríguez, a base de la razón decisoria, no se tuvo que acudir al Art. 282 del Código de 1974, supra, en vigor utilizado en el primero, el cual establecía para su apbcación prospectiva. Se adjudicó el asunto, pues, desde otra perspectiva.
Aunque en Pueblo v. Figueroa Castro, supra, se aplicó el principio de favorabilidad en cuanto a la penabdad más benigna, el mismo se adjudicó al amparo de la Ley de Sustancias Controladas que entró en vigor antes de dictarle sentencia al acusado. Dicha ley en su Art. 602 (24 L.P.R.A. sec. 2602), expresamente lo permitía. En esa medida, no admite comparación con la controversia que ocupa nuestra atención. Véase, pág. 289, Pueblo v. Figueroa Castro.
*390 Lo mismo ocurre con Pueblo v. Rivera Figueroa, supra, convicción a una pena de cárcel por conducir el acusado un vehículo de motor bajo los efectos de bebidas embriagantes al amparo de la Ley de Vehículos y Tránsito cuya penalidad se redujo para autorizar la imposición de una multa en virtud de una enmienda autorizada por la Ley 6 de 30 de abril de 1965, posterior a la fecha de los hechos.
En Pueblo v. Cases, 61 D.P.R. 683 (1943); Pueblo v. Soto 61 D.P.R. 516 (1943); Pueblo v. Malavé, 61 D.P.R. 403 (1943), y Pueblo v. Otero, 61 D.P.R. 36 (1943), también citados por el imputado, se impuso la pena autorizada por una ley enmendatoria, no como aquí derogatoria, que redujo el mínimo de la prescrita por la Ley de Armas original a infracciones cometidas antes de su vigencia. Véase, Pueblo v. Rivera Figueroa, supra, pág. 387.
Como se señala en Sutherland, ob. cit., sec. 23.01, págs. 230-322, la diferencia entre enmendar y derogar una ley es fundamental. La enmienda, contrario al concepto de total elisión que conlleva la derogación, se interpreta como una continuación de la ley original y considera como si hubiese tomado parte de la medida desde que ésta se promulgó. (Traducción nuestra.) Véase, see. 22.33, págs. 290-291. Además, García Passalacqua v. Tribunal Electoral, 105 D.P.R. 49, 59 (1976).
Consiguientemente, resolvemos que no procede aplicar al imputado en el recurso KLCE-05-00741 las disposiciones del Código Penal de 2004. A tenor del primer párrafo del Art. 308, por constituir la conducta imputada una realizada con anterioridad a la vigencia del nuevo Código, “se regirá [incluyendo la sentencia] por las leyes vigentes al momento del hecho”, he., bajo el Código Penal de 1974 derogado. Así expresamente surge del aludido artículo y su historial legislativo, con vista y a la luz del Art. 44 del Código Político, supra, que autoriza, salvo expresión en contrario, “acusar, perseguir y castigar” los delitos cometidos bajo la vigencia de una ley derogada.
Lo anterior resuelto dispone también de los recursos KLCE-05-00846 y KLCE-05-00871. El planteamiento levantado es el mismo con excepción de la persona de los imputados y la resolución recurrida. En el KLCE-05-00846, el Tribunal de Primera Instancia declinó resolver la controversia por entender que era prematura, posponiendo su adjudicación para el momento que se dicte sentencia, de llegarse a esa etapa. En cuanto al KLCE-05-00871, se decidió en contra de la posición del imputado. En auxilio de nuestra jurisdicción apelativa, los paralizamos ambos. En aras de la economía procesal, los consolidamos todos.
Por lo hasta aquí expuesto, expedimos el auto de certiorari solicitado por el Procurador General en el recurso KLCE-05-00741 a los fines de revocar la resolución recurrida y dejarla sin efecto.
En cuanto al KLCE-05-00846, expedimos el auto de certiorari solicitado por el peticionario, Alfredo Ortiz Falú, para ordenar al foro recurrido que continúe con los procedimientos en ese caso de conformidad con esta sentencia.
También expedimos el auto de certiorari solicitado por el peticionario Carlos Reyes Ortiz en el recurso KLCE-05-00871 con el propósito de confirmar la resolución recurrida.
Remitimos los tres casos a los respectivos tribunales de origen para la continuación de los procedimientos, de forma compatible con lo aquí resuelto.
Notifíquese inmediatamente por telefax y la vía ordinaria a las partes en los tres casos consolidados y a los Magistrados del Tribunal de Primera Instancia de Fajardo, Carolina y Aibonito que los atienden.
Lo acuerda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.
*391 Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones